UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY FREDERICKS,

    Plaintiff,

v.

ALLQUEST HOME MORTGAGE
CORPORATION and DOVENMUEHLE
MORTGAGE, INC.,

    Defendants.
_____/

Case No. 15-10429

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS OR FOR SUMMARY JUDGMENT [2]**

Plaintiff's suit arises out of the foreclosure of residential property located at 85 West Brooklyn Avenue, Pontiac, Michigan 48340 (the "Property") initiated by Allquest Home Mortgage Corporation ("Allquest").  Plaintiff's complaint has three counts: (1) wrongful foreclosure; (2) breach of contract; and (3) fraudulent misrepresentation.  Plaintiff seeks relief in the form of a judgment delaying foreclosure and ordering a loan modification.

Currently before the Court is Defendants' motion to dismiss or for summary judgment. For the reasons stated below, Defendants' motion is GRANTED.

**I. FACTS**

On June 30, 2009, Plaintiff entered into a mortgage transaction with Allied Home Mortgage Corporation ("Allied"). (Compl. ¶ 12).  Plaintiff granted Allied a mortgage on the Property in the amount of $62,805  (the "Mortgage") to secure her loan.  (*Id.* ¶ 10.)  The Mortgage was granted in favor of MERS as nominee for Allied, its successors and assigns. (*Id.*, Ex. 2).   Thereafter, Dovenmuehle Mortgage, Inc. ("Dovenmuehle") became the

servicer of the loan. In August 2010, Allied changed its name to Allquest Home Mortgage Corporation. On December 17, 2014, MERS assigned its interest in the Mortgage to Allquest. (*Id.*, Ex. 3.)

At some point, Plaintiff failed to make payments on her loan. On October 1, 2012, Plaintiff and Allquest entered into a loan modification agreement, which was recorded on January 17, 2013. (*Id.*, Ex. 4). On or around July 1, 2013, Plaintiff ceased making payments under the loan modification agreement. (Defs.' Mot., Ex. 1). On June 4, 2014, Dovenmuehle notified Plaintiff of her default. (*Id.*) Plaintiff then applied for a second loan modification and was denied. (*Id.*, Ex. 2). On August 22, 2014, Plaintiff appealed the denial. (*Id.*) On September 8, 2014, Dovenmuehle informed Plaintiff her appeal had been denied due to "reduced income and/or excess debts," disqualifying her from further modification. (*Id.*) Plaintiff continued seeking a loan modification. (Compl. ¶ 27). Plaintiff received a default notice on December 5, 2014. (*Id.*, Ex. 7). On December 26, 2014, Allquest published a notice of foreclosure. (*Id.* ¶ 33; Defs.' Mot., Ex. 3).

Plaintiff filed this action in Oakland County Circuit Court on January 26, 2015. On February 2, 2015, Defendants timely removed the case to this Court on the basis of diversity jurisdiction. The sherrif's sale has been stayed pending the outcome of this case. On February 17, 2015, Defendants filed the instant motion. Plaintiff filed an untimely response to the motion on April 28, 2015. *See* Eastern District of Michigan Local Rule 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion.").

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

"[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

### B. Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a)

Summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. ANALYSIS

### A. Plaintiff's Failure to Timely Respond

The Court first notes that Plaintiff failed to file a timely response to Defendants' motion. This alone may be sufficient grounds to grant it. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (table) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Nevertheless, there is also Sixth Circuit authority to the contrary. *Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (holding that the district court erred in dismissing the plaintiffs' APA claims solely because they failed to respond to the defendant's motion); *Carver v. Bunch*, 946 F.2d 452, 454-55 (6th Cir. 1991) (holding

that it is an abuse of discretion for a district court to dismiss a complaint solely because the plaintiff failed to respond to a motion to dismiss unless the failure to respond amounts to a failure to prosecute). Accordingly, the Court has also reviewed Plaintiff's complaint and, for the reasons stated below, finds that it fails to state a claim, or, alternatively, that Defendant is entitled to summary judgment.

### B. Count I – Wrongful Foreclosure

Count I of the complaint appears to hinge on three actions: (1) Defendants' purported failure to "properly notify Plaintiff of foreclosure" (Compl. ¶ 50); (2) Defendants' purported failure "to properly calculate the amount claimed to be due on the date of the notice of foreclosure" (*Id.* ¶ 23); and (3) Defendants' purported violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.* (*Id.* ¶ 45).

First, Plaintiff alleges that Defendants failed to properly notify her of the foreclosure in violation of Mich. Comp. Laws § 600.3208. However, Plaintiff does not allege any factual support for this conclusion, and it does not appear that there is any. Defendant published notice of the foreclosure sale for four consecutive weeks in the *Oakland County Legal News* and also posted the notice on a conspicuous place on the property. (Defs.' Mot., Exs. 3 and 4.) Plaintiff even attached one of the published notices of foreclosure to her complaint. (Compl., Ex. 11.)

Second, Plaintiff alleges that Defendants failed to properly calculate the amount claimed to be due on the date of the notice of foreclosure in violation of Mich. Comp. Laws § 600.3212(c). From a pleading perspective, this claim falls short of the mark. Plaintiff fails to assert basic elements of her claim, including what she believed the correct amount due to be. Plaintiff has made no factual allegation beyond stating that the amount due was

inaccurate. As the Supreme Court reiterated in *Iqbal*, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678 (citations omitted). This aspect of Plaintiff's claim is little more than a "naked assertion devoid of further factual enhancement." *Id.*

Finally, Plaintiff alleges that Defendants violated RESPA. This claim is fails as well because RESPA does not provide the relief requested. *See Servantes v. Caliber Home Loans*, No. 14-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014). RESPA grants relief in the form of monetary damages. 12 C.F.R. § 1024.41 ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."); 12 U.S.C. § 2605(f) (exclusively authorizing monetary relief to individual borrowers). Plaintiff, however, seeks a declaration that the foreclosure process is null and void, injunctive relief stopping the foreclosure and an order requiring Defendants to negotiate another loan modification, none of which is available under RESPA. The claim also fails to the extent that Plaintiff seeks money damages because Plaintiff has not alleged how a purported violation resulted in actual damages. *Servantes*, 2014 WL 6986414, at *1 ("To the extent Plaintiffs may wish to proceed with a RESPA claim for monetary damages only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations of 12 C.F.R. § 1024.39–41 resulted in actual damages . . . .").

Accordingly, the Court dismisses Count I of the complaint.

### C. Count II – Breach of Contract

Count II advances a claim for breach of contract based upon Defendants' failure to comply with certain provisions of the Mortgage. (Compl. ¶¶ 55-62). Plaintiff alleges that

Defendants did not provide notice that they intended to invoke the power of sale clause contained in the Mortgage, as required by Paragraphs 13 and 17. (*Id.* ¶¶ 59-60). Plaintiff, however, admits in her pleading that she received notice of her default and that foreclosure proceedings were being initiated. (*Id.* ¶¶ 23-25; Ex. 7). To the extent that Plaintiff argues Defendants breached an implied covenant of good faith and fair dealing, (*Id.* ¶¶ 61-62), "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006) Accordingly, Count II is dismissed.

### D. Count III – Fraudulent Misrepresentation

Finally, in Count III of the complaint, Plaintiff alleges that Defendants made false statements of fact "intended to induce the Plaintiff to refrain from defending the [f]oreclosure in reliance on the [r]epresentations . . . ." (Compl. ¶ 67). This claim falls short of the rigorous pleading standard mandated under Federal Rule of Civil Procedure 9(b). To satisfy Rule 9(b), the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent." *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare*, 585 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citations omitted). Although Plaintiff refers to two emails in her complaint discussing her failure to provide certain documents requested by Defendants, (Compl. ¶¶ 26-29), Plaintiff does not identify any fraudulent statements contained in that correspondence. She claims only that "the representations made by Defendants regarding the foreclosure proceedings were false statements of facts." (*Id.* ¶ 65). Contrary to the allegations in the complaint, the emails do

not contain any fraudulent representation that Defendants would not begin foreclosure proceedings while reviewing yet another loan modification application. Accordingly, the Court dismisses Count III.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss or for summary judgment is GRANTED.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager